UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,      :
                          :
         Petitioner        :
                          :
         v.                :      CIVIL NO. 4:CV-07-385
                          :
JUDGE EDWIN M. KOSIK, ET AL.,    :      (Judge McClure)
                          :
         Respondents    :

## MEMORANDUM

March 1, 2007

**Background**

      This <u>pro se</u> motion for a writ of habeas corpus "Ad Faciendum et Recipendum"  was filed by Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania.[1]  Record document no. 1, p. 1. The action will be construed as a habeas corpus petition under 28 U.S.C.§ 2241.  Reynolds has not paid the required filing fee and a request for leave to proceed *in forma pauperis* has not been submitted.   For the reasons set forth below, Reynolds' petition will be dismissed as meritless.[2]

_____

1.   A writ <u>ad</u> <u>testificandum</u> is normally employed to secure the presence of a witness or party at trial.

2.   Since Petitioner has sought leave to proceed *in forma pauperis* with respect to all of his other recently filed actions, he will be granted temporary *in forma pauperis* status for the sole purpose of the filing of this matter.

Named as Respondents  are the Honorable Edwin M. Kosik , Assistant United States Attorney (AUSA) John Gurganus, Joseph O'Brien, Esq., and Phillip Gelso, Esq.  The petition is the most recent in a long series of collateral challenges filed by Reynolds regarding his ongoing federal criminal prosecution in this district before Judge Kosik.  See United States v. Reynolds, Case No. 3:05-CR-493.

In this action, Petitioner asserts that there has been a violation of his speedy trial rights.  As relief, Reynolds requests that he be afforded a hearing "with the hope of acquittal of all charges" on his claim of a speedy trial violation within the next twenty (20) days.  Id. at p. 5.

## Discussion

Summary dismissal of a § 2241 habeas corpus petition is appropriate under Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Dismissal under Rule 4 is proper "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

2

It is undisputed that Reynolds has not yet been convicted or even tried of the federal criminal offenses underlying this action.  The Court of Appeals for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).  In Stolt-Nielsen, the Third Circuit Court of Appeals noted that an action, such as the present matter, should not be entertained where the applicant has an available forum in which to assert his defenses to federal criminal charges.  See id. at 185;  Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).  Reynolds clearly has an available and adequate remedy at law.  Specifically, the Petitioner may raise his current argument that there has been a violation of his speedy trial rights in his ongoing federal criminal proceedings.

Moreover, even if convicted of the federal charges pending before Judge Kosik, Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255.  It is simply not appropriate at this juncture for this Court to entertain Petitioner's speedy trial challenge to the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition.  There is nothing to suggest that Reynolds cannot litigate the merits of his present allegations in his ongoing federal prosecution, or thereafter before the Court of Appeals.  The petition for writ of habeas corpus will be denied as meritless.  An appropriate Judgment will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL CURTIS REYNOLDS,　　　：
　　　　　　　　　　　　　　　　：
　　　　Petitioner　　　　　：
　　　　　　　　　　　　　　　　：
　　　v.　　　　　　　　　　　：　　CIVIL NO. 4:CV-07-385
　　　　　　　　　　　　　　　　：
JUDGE EDWIN M. KOSIK, ET AL.,　：
　　　　　　　　　　　　　　　　：　　(Judge McClure)
　　　　Respondents　　　　：

## ORDER

March 1, 2007


In accordance with the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1.　Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.
2.　Reynolds' habeas corpus petition is DENIED as meritless.
3.　The Clerk of Court is directed to close the case.
4.　Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.


　　s/ James F. McClure, Jr.　
JAMES F. McCLURE, JR.
United States District Judge